Case number 23-7130, Westinghouse Electric Company, LLC, Appellant versus Korea Electric Power Corp and Korea Hydro and Nuclear Power Co. Ltd. Mr. Krasick for the appellant, Mr. Davidson for the appellate. Good morning, counsel. Morning. Mr. Krasick, please proceed when you're ready. Thank you. May it please the court, I'd like to reserve two minutes of my time for rebuttal. The district court in this case erred by imposing requirements on Westinghouse's declaratory judgment action not found in the text of the Declaratory Judgment Act. Having established the district court's subject matter jurisdiction over this case in Westinghouse's Article III standing, nothing more was required to invoke the Declaratory Judgment Act. In particular, Westinghouse had no need to show that Part A-10 may be enforced by a private right of action. This case involves what has been referred to in the party's briefs as a defensive declaratory judgment. Can I- Before you get to the statute, can we talk about standing? Sure. So you need for the declaratory action to support resolution of some other concrete Article III case or controversy, right? I think we need to demonstrate a ripe and justiciable controversy and then the three elements of Article III standing. Yes, but a legal dispute about some statute or regulation in the air-  With no threat of enforcement does not create Article III standing. Well, if there was no threat of enforcement, I would agree with you, but here there's been threat of enforcement. In fact, the Department of Energy has specifically advised Westinghouse Department of Energy is not the declaratory judgment defendant here. They're not going to be bound by our judgment as between you and the Korean entity. That's correct, because Westinghouse has no adverse dispute with the Department of Energy. Westinghouse doesn't dispute Department of Energy's interpretation of Part A-10. No dispute, and we couldn't redress any controversy with a non-partner. I would not agree with that part of your question, Your Honor, because the dispute is with the Appalese and the Appalese conduct under this unique structure. Right, so one possible theory of standing would be that the declaratory action will help resolve the contract dispute with the Korean entity. I wouldn't- And that just runs right into the arbitration. Right, and I was going to say, I don't agree with characterizing it as resolving the contract dispute. I would- Okay, then it might be in service of resolving a freestanding dispute under the regulation. Correct, and that's the way we view this. That seems to run right into the express limitation on injunctive actions to the Attorney General. The AG has to be that plaintiff. Well, if I could answer that question in two ways, Your Honor. First of all, we don't believe it does in the sense that the injury here is not redressable because first of all, we assume that the Appalese would comply with whatever interpretation of Part 810 was given by the district court. And if they didn't, then there would be an authoritative interpretation of Part 810 by a U.S. court that could then be used to support a claim for breach in the party's contract dispute. However, that's not the purpose of this declaratory judgment action. This declaratory judgment action is to prevent- So does that second route come into play at all in your view? The second route being that it would be something that could be used in a contract dispute? We don't believe it will be necessary because we believe that the Appalese will comply with the interpretation of Part 810. So then for your purposes, we discount that second route. Correct. That's not relevant to the case. It's in theory a chain of events that could happen, but we don't consider that for purposes of standing. Correct. Your view is that what we consider for purposes of standing is the first route that you- It is in the sense that we believe that having an authoritative interpretation of Part 810 by a court, a U.S. court with experience in interpreting U.S. regulations in and of itself is redressability. However, if there needs to be some other element of redressability, the second prong of a potential use of the judgment in future litigation would be another form of redressability. In fact, in one of the cases we say in our brief, Judge- That framing, the Chief's framing is exactly how the district court viewed the case, right? You're not pushing a contract claim, so we'll just conceive of this as something under the reg. I agree with that, Your Honor, but- Okay, but then when you were pushed a little bit on Article 3 standing in the red brief, you came back on reply and said, no, no, this will have preclusive effect in Korea, citing the Korean rules of civil procedure. Right, as I- So you're sort of, you know, shifting- No, I wouldn't, I don't see it that way, Your Honor. As I said, we believe there's redressability simply by an authoritative interpretation of Part A10 and alleviating the threat of DOE enforcement. However, as a second prong of redressability or down-the-road redressability, there could be preclusive effect to the judgment in the party's arbitration proceeding. And what I started to say is that in one of the cases cited in our brief, Judge Scalia's opinion in Medimune v. Genentech, there was specifically discussion of the use of a ruling on an affirmative defense in potential future litigation between the parties, although there was no pending litigation or even contemplated litigation between the parties at that time. So the Supreme Court has recognized the potential use of a ruling in future litigation to satisfy Article 3 standing and redressability for purposes of application of the Declaratory Judgment Act. So on the- Yeah, I mean, I agree with that. You can solve your standing, you can solve my standing concern by pointing to use of the Declaratory Judgment in the Korean arbitration. That just creates a different problem for you. Why is it appropriate to use the Declaratory Judgment Act and run an arbitration clause? Well, I wouldn't describe it that way. I don't see the two remedies as mutually exclusive. We have the right, we believe, under the Declaratory Judgment Act to seek a declaration as to the interpretation, the proper interpretation of Part A10 in a U.S. court. There is a ripe and justiciable controversy between the parties as to the interpretation of Part A10. The DOE has advised Westinghouse that it will be held responsible for compliance with Part A10 with respect to any retransfer of Westinghouse technology by the appellees. And the appellees have refused to provide the information that Westinghouse requires to comply with Part A10. And that refusal places Westinghouse independently at risk of enforcement action by the DOE through no fault of its own. It is specifically to alleviate that threat that Westinghouse has brought this action completely independently. So on the theory that you have, which is take the arbitration out of play altogether, because even if it's a sequence of events that could come to fruition, it's not germane for us for purposes of standing, for purposes of establishing your standing. You're not relying on a theory and you couldn't because you said below that you don't wanna deal with the arbitration clause. Correct. So you wanna put the contract out of the field of vision. So you're only relying on the first round. On the first round, what happens? So the declaratory judgment is your theory that 810 compels the other side to turn over information to you?  Of its own force, it does. Statute. The reg. The reg. The reg, sorry. Yes, that because of the unique structure of Part A10, there is an obligation on the appellees to provide the information that Westinghouse requires to not be found in violation, particularly when appellees are the only source of that information. Only appellees. Is your view that if you prevail, if you have standing and you ultimately prevail in the declaratory judgment action, that then the other side, as a consequence of the judgment, has to give you the information? It's an interpretation. It's not an injunction. We've obviously not appealed the dismissal of the injunction and under the declaratory judgment act, it's simply an interpretation. But that is a right that the declaratory, we believe the declaratory judgment act provides. And as I said, we assume that they will comply with that interpretation. If they don't, then there would be a claim for breach down the road. But that's not where we are today. I see my time is short. I'm happy to answer, sure. I'd like to ask you how you read 810.2D. It seems to give you an out. Persons under U.S. jurisdiction are responsible for their foreign licensees, contractors, or subsidiaries. And then it says to the extent that the former, which is you, have control over the activities of the latter, which is Korea. Yes. How do you read that? Yes, and I know that Appley cited that provision in their brief. We don't believe that that's the relevant predicate for this lawsuit. As was alleged in our complaint, Westinghouse has been specifically advised by the Department of Energy that it holds Westinghouse responsible under Part 810, subject to criminal and civil penalties for Appley's retransfer of Westinghouse technology to a third party. So it's not 810.2 that really comes into play here. It's the allegation, which obviously must be taken as true at this stage of the proceeding, that the Department of Energy has said it will hold and does hold Westinghouse responsible under Part 810 for compliance. Can I ask you one other question? That is, are you at all regulated by the IAEA or do they just regulate countries? I don't know the answer to that question. So I don't wanna misinform you. This action only arises under the Atomic Energy Act and the Part 810 promulgated there under. Why did you not appeal the claims for injunctive relief? The one classic use of a declaratory action is in support of an injunctive claim, just with a lighter touch. The reason is that while that scenario you just posited would be true, that to us runs afoul, potentially runs afoul of the lack of private right of action issue. So in effect, we realized that including the phrase injunctive relief in the complaint was probably overreaching in terms of the application of the Declaratory Judgment Act. And because it was dismissed, we weren't appealing that dismissal because all we're applying here is the Declaratory Judgment Act and its interpretation remedy without coercive action. So an action, an injunctive action, to enforce 810, your reading of 810 against the Korean entities might be, assume I think that that would be an action for any violation of the statute or the regs under the statute. I think that's fair. Why would a declaratory action to establish exactly the same legal predicate, just a violation of regs under the Atomic Energy Act, why would that not be an action for any violation of the statute? Your Honor, because I don't see the remedy as you've described it. It's interpreting the disputed obligations under the act. It's not binding a violation of the act. Westinghouse has one interpretation. The whole point of your declaratory action is to establish that the re-transfer by the Korean entities without further licensing or disclosure or whatever would violate the regs. Yeah, I would frame it that the Appellee's failure to provide the information Westinghouse requires to comply with Part 810, we believe to put Westinghouse in jeopardy of violation of the regs, but we aren't seeking to enforce Part 810 against Appellee's. And the other point I was gonna make to your Honor's question is that the scenario you posited of injunctive relief coupled with a declaratory action is the scenario and the pattern of all, except for the one Second Circuit case, which just failed for lack of Article III standing, but all of the other Court of Appeals cases that were cited in the Appellee's briefs, it involves substantive claims for relief with a companion or ancillary request for declaratory judgment. It's no surprise there that in dismissing the substantive claims for relief, those courts also found that there could be no declaratory judgment relief because it's well-established that the Declaratory Judgment Act provides no federal jurisdiction or any substantive rights not otherwise provided. So those cases are simply consistent with the general principles, but don't touch the issue of whether a private right of action is required. Okay, and thank you. We'll use a little time for rebuttal. Thank you. Mr. Davidson. Yes, thank you. Good morning. May it please the Court, Steven Davidson on behalf of the Defendant's Appellees. Our position in this case is, we believe, simple and clear, that the case begins and ends with the statute. The statute 2271C, as your honors are keenly aware, says no action shall be brought against any individual person for a violation of this chapter unless until the Attorney General of the United States has advised the Commission. And no such action shall be commenced except by the Attorney General of the United States. So to us, the statute provides the answers to the questions that have been presented to this Court on appeal. Can I just start you off by asking, so you heard the exchange earlier.  And there were two potential routes for, two conceptually possible routes for standing that were outlined, the second one of which was taken off the table because they're not relying on the agreement. Do you agree that under the first route there is standing and redressability in particular? If I remember which route is which, but we raised this issue, as you know, in our brief. And our view on this is that to the extent they're not seeking to enforce a violation, there's no standing. And to the extent they're seeking an interpretation, that's barred by the bar on a private right of action under the statute. So there might be standing if they say they're not seeking an injunction, but there's no ability to proceed with such a case for the reasons we've set forth in our brief. On merits, not as a matter of redressability, but just the- Well, the merits in the sense that there's no private right of action and the Declaratory Judgment Act doesn't solve their problem. Right, which the presence or absence of a private right of action is a question for the merits question under Steel Company. So you think that under the route that's been outlined, they might get past the Article III threshold, but then they ultimately lose on, because under your view, the district court's view, there's not a private right of action. Correct, correct. And we raised that issue in our brief because the Westinghouse seems to be vacillating a bit on which ground it's going on. So we wanted to be clear that there's one that doesn't give them standing and one that does give them standing, but doesn't give them any relief. And we believe it's clear under this statute that there's no private right of action on the face of it, just the face of the words of the statute make that clear. And to the extent the court wishes to go into whether there's an implied right of action, we believe that is clear as well. There've been three circuit courts have decided this question on whether there's an implied right of action under the Atomic Energy Act, and have all said no. There are a number of district courts who reached the same conclusion. They rely on one case, a district court case from 1978, which predates the other circuit court's decisions and predates the more recent jurisprudence on implying a private right of action from the Supreme Court in Sandoval and from this court in various decisions. And with respect to the Declaratory Judgment Act, we would say that following the teachings of Schilling, that it has to be a judicially remediable right that this court and a variety of other circuits have made clear that that has to be a cause of action. And we would particularly rely on the Ali decision and the quick cases that have followed it in other jurisdictions. The Netflix case from the Ninth Circuit has what we think is a very apt quote in which it says, we agree with our sister circuits that the Declaratory Judgment Act does not provide an affirmative cause of action when none otherwise exists. And they cite the second, third, fifth, sixth, seventh, ninth, and rely in particular on the Ali decision to reach that decision. And the appellants rely again on a district court case saying that that's not so, but in that own district court's circuit, the Seventh Circuit in the alarm detection system case, made quite clear that a cause of action is required. That alarm detection system court decision, which came out after the case they rely on says, judicially remediable right means this cannot be pursued without a predicate right of action. And we think because of the language of the statute, because there's no implied private right of action and the Declaratory Judgment Act gives them no relief. And in particular, their forsaking of reliance on the contract because obviously it has an arbitration clause. And as you've seen from the record, the arbitration is going forward. So there is a live dispute between these parties in which many of the issues raised by them are being litigated in an arbitration in Korea. There's no basis for this case to go forward. And the policy arguments made by Westinghouse and the amicus, we think fall flat for two reasons. One, there is no basis to proceed on a private right of action. And Congress has made that clear. And the teachings of this court from the Johnson case make clear that private rights of action are disfavored, implied private rights of actions are disfavored and if there's an issue as to whether there should have been one, the issue is with Congress, not with the courts. And otherwise we rely on the arguments in our brief. Thank you. My colleagues on that budget stream, thank you. I do have one question. That is, what is before the arbitrator? I mean, he can't or she can't say, no, you don't have to comply with the Atomic Energy Act. Well, there are claims and counterclaims in the arbitration. So our clients filed the arbitration against Westinghouse and Westinghouse filed a counterclaim. And in the counterclaim, Westinghouse is seeking relief under the license act, the license agreement, claiming that our clients are in breach and saying that the regulations apply to our conduct. The regulations, I mean, these 810 regulations apply. Thank you. Thank you. Mr. Krasick, we'll give you the two minutes you asked for for rebuttal. Thank you, Your Honor. Just want to address a couple of points relating to the judicially remediable right point that Appley's counsel raised. Appley's counsel specifically relied on the Netflix case from the Ninth Circuit as allegedly supporting his position regarding the requirement of an independent cause of action. The Netflix case, which he didn't mention, also specifically says that that is for what's been described as an offensive declaratory judgment, but for a defensive declaratory judgment, that is not required. And that is specifically what's being brought here, very analogous to the Supreme Court's decision in MedImmune v. Gentech, where the Supreme Court noted that when threatened action of government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat. In that case, the issue was an affirmative defense of invalidity of a patent, which provided no cause of action. In fact, Justice Thomas, in his dissent, criticized Justice Scalia in the majority for allowing the case to proceed when there was no cause of action. But the Supreme Court majority opinion was you could bring a defensive declaratory judgment with no independent cause of action. Suppose we agree with you that what's required is a judicially remediable right, emphasis on right, and not a cause of action. What is the right you're seeking to enforce? This case is all about your legal obligations. Right. Under the statute and the regs. So it seems to me, you're conceptualizing the D.J. Act sort of like a 1983. It gives you the cause of action part, but you need to point to some other rights-creating language. Even on that theory, what right are you suing to enforce? Right. We believe that a judicially remediable right, as contemplated in Schilling, means a right that can be vindicated in federal court. And that's clear from the decision in Schilling, which involved a judicially unreviewable administrative scheme that effectively lacked Article III standing. And the court went on to say that without that, you did not have a judicially remediable right. So it just means interpretation of some- Article III standing. Article III standing and the- Includes your duties as well as your- Yes, exactly. Exactly. That, oh, I guess my time is up. Thank you. Thank you, counsel. Thank you to both counsel. We'll take this case under submission.
judges: Srinivasan; Henderson; Katsas